# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

GLENN MILLER, on behalf of himself and all
others similarly situated,

Plaintiff(s),

-against-

COLLECTO, INC. D/B/A EOS CCA, and JOHN
DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, COLLECTO, INC. D/B/A EOS CCA ("EOS CCA"),  JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## **DEFINITIONS**

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     EOS CCA maintains a location at 700 Longwater Drive, Norwell, Massachusetts 02061.

8.     Upon information and belief, EOS CCA uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.     EOS CCA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All Bronx County, New York consumers who were sent letters and/or notices from EOS CCA concerning a debt owed to Verizon Wireless, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

   a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*; 1692f *et seq.*; and 1692e *et seq.*;

b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Prior to November 3, 2017, Plaintiff incurred a financial obligation to Verizon Wireless ("VERIZON").

16.    The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The VERIZON obligation did not arise out of a business transaction.

18.    The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    On or before November 03, 2017, VERIZON referred the VERIZON obligation to EOS CCA for the purpose of collections.

21.    At the time the VERIZON obligation was referred to EOS CCA, the obligation was past due.

22.    At the time the VERIZON obligation was referred to EOS CCA, the obligation was in default.

23.    EOS CCA caused to be delivered to Plaintiff a letter dated November 03, 2017, which was addressed to Plaintiff.  **Exhibit A.**

24.    The November 03, 2017 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

25.    The November 03, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.    Upon receipt, Plaintiff read the November 03, 2017 letter.

27.    The November 03, 2017 letter provides the following information regarding the VERIZON obligation:

## ACCOUNT INFORMATION

| STATEMENT DATE | 11/03/17 |
|---|---|
| ACCOUNT # | X-XXXX0021 |
| CLIENT NAME | VERIZON WIRELESS |
| TOTAL AMOUNT DUE | $1373.02 |
| SETTLEMENT AMOUNT DUE | $823.81 |

Please see reverse side for details of Total Due.

28.    The reverse side of the November 03, 2017 letter provides:

## FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day

period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.    1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers compensation benefits; 8. Public or private pensions; 9. Veterans benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

| AMOUNT DUE AT CHARGEOFF | INTEREST ACCRUED SINCE CHARGE OFF | NON INTEREST CHARGES OR FEES SINCE CHARGEOFF | TOTAL PAYMENTS SINCE CHARGEOFF |
|---|---|---|---|
| $1 373.02 | $0.00 | $247.14 | $0.00 |

| EOS CCA ACCOUNT# | CLIENT ACCOUNT# | PRINCIPAL | INTEREST | FEES COLL.COSTS | BALANCE |
|---|---|---|---|---|---|
| XXX021 | XXXXXXXX00001 | $1 373.02 | $0.00 | $0.00 | $1 373.02 |
| | | | | TOTAL DUE: | $1 373.02 |

For payments and general account inquiries, call 1-855-666-9393 or 1-972-332-4979.
For customer service issues, call our Consumer Relations Department at 1-877-395-5997.

29.    At the time EOS CCA sent the November 03, 2017 letter, the amount due to VERIZON at the date of charge-off was $1,373.02.

30.    At the time EOS CCA sent the November 03, 2017 letter, Plaintiff did not owed $247.17 of "Non Interest Charges or Fees" since Chargeoff ".

31.    Any collection fees charged by VERIZON are included the "Amount Due At Chargeoff" of $1,373.02.

32.    Any collection fees charged by VERIZON are included the "PRINCIPAL" listed of $1,373.02.

33.    The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to the amount of the debt.

34.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether: (1) he owes the "Amount Due At Chargeoff" of $1,373.02; or (2) he owes the "AMOUNT DUE AT CHARGEOFF" of $1,373.02 *plus* the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

35.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether if he paid the "AMOUNT DUE AT CHARGEOFF" of $1,373.02, would he received a separated invoice and/or another bill for the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

36.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whom he owes the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14 to, VERIZON or EOS CCA.

37.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to what the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14 are for.

38.     The November 3, 2017 letter fails to itemize the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

## POLICIES AND PRACTICES COMPLAINED OF

39.     It is EOS CCA's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)    Making a false representation as to the amount of the debt;

      (c)    Failing to properly state the amount of the debt; and

(d)    Attempting to collection amount that is not expressly authorized by the agreement creating the debt or permitted by law.

40.    On information and belief, EOS CCA sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the County of the Bronx, State of New York with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.    Collection letters and/or notices, such as those sent by EOS CCA, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.    15 U.S.C. §1692g(a)(1) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1) the amount of the debt.

44.    EOS CCA violated 15 U.S.C. §1692g(a)(1)  by sending a letter dated November 3, 2017, to Plaintiff, which failed to state the amount of the debt.

45.    The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether: (1) he owes the "Amount Due At Chargeoff" of $1,373.02; or (2) he owes the "AMOUNT DUE AT CHARGEOFF" of $1,373.02 *plus* the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

46.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether if he paid the "AMOUNT DUE AT CHARGEOFF" of $1,373.02, would he received a separated invoice and/or another bill for the  "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

47.     The November 3, 2017 letter fails to itemize the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

48.     The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whom he owes "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14 to, VERIZON or EOS CCA.

49.     15 U.S.C. §1692e(2)(A) provides:

> A debt collector may use any false, deceptive, or misleading representation or means with the collection of any debt ---
>
> (2) The false representation of --
>        (A) the character, amount, or legal status of any debt.

50.     EOS CCA violated 15 U.S.C. §1692e(2)(A) by sending a letter dated November 3, 2017, directly to Plaintiff, which falsely represented the character and the amount of the debt because the least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether if he paid the "AMOUNT DUE AT CHARGEOFF" of $1,373.02, would he received a separated invoice and/or another bill for the  "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

51.     15 U.S.C. §1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section --

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52.    EOS CCA violated 15 U.S.C. § 1692e(10) by falsely representing and misleading Plaintiff, into confusing as to whether: (1) he owes the "Amount Due At Chargeoff" of $1,373.02; or (2) he owes the "AMOUNT DUE AT CHARGEOFF" of $1,373.02 _plus_ the "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

53.    The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whether if he paid the "AMOUNT DUE AT CHARGEOFF" of $1,373.02, would he received a separated invoice and/or another bill for the  "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14.

54.    The least sophisticated consumer upon reading the November 3, 2017 letter will be left confused as to whom he owes "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14 to, VERIZON or EOS CCA.

55.    15 U.S.C. §1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt ---

(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

56.    EOS CCA violated 15 U.S.C. §1692f(1) by send a letter dated November 3, 2017 to Plaintiff attempts to collect "NON INTEREST CHARGES OR FEES SINCE CHARGEOFF" of $247.14, when such charges and fees are not authorized by the agreement VERIZON or permitted by law.

57.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

59.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60.    Plaintiff has suffered damages and other harm as a direct result of EOS CCA 's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., , as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 9, 2018

_s/ Joseph K. Jones_

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

_s/ Joseph K. Jones_

Joseph K. Jones, Esq.

# Exhibit

# A



**EOS** | **CCA**

EOS CCA
PO BOX 981002
BOSTON, MA 02298-1002

### ACCOUNT INFORMATION

| | |
|---|---|
| STATEMENT DATE | 11/03/17 |
| ACCOUNT # | ▮21 |
| CLIENT NAME | VERIZON WIRELESS |

**TOTAL AMOUNT DUE** ➤ **$1373.02**
**SETTLEMENT AMOUNT DUE** ➤ **$823.81**

Please see reverse side for details of Total Due.

## NOTICE OF COLLECTION PLACEMENT

*** SETTLEMENT OFFER ***

VERIZON WIRELESS has authorized us to accept $823.81 to resolve this debt in full if the payment is received by 12/18/17.

To take advantage of this offer, you may pay online, through the mail, or by phone.

We are not obligated to renew this offer.

New York City Dept of Consumer Affairs License #0960830. You may contact our office at the toll free number above during the hours noted and speak to David Weydt or any available representative.

Check must be made payable to Verizon.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**\*\*Please see reverse for important notices and account details.\*\***

### PAYMENT OPTIONS

⌨ Pay online at www.eos-cca.com. Log in with the following account number: ▮021

☎ Pay by phone at 1-855-666-9393.

✉ Pay by mail. Include the remittance slip below and send to the address shown on the slip.

Office Hours: Mon-Thur 8:00 AM - 9:00 PM MT, Fri 8:00 AM - 5:00 PM MT, Sat 8:00 AM - 12:00 PM MT

Detach remittance slip and enclose with payment

PO BOX 981002
BOSTON, MA 02298-1002

| CLIENT NAME | ACCOUNT # |
|---|---|
| VERIZON WIRELESS | ▮21 |
| TOTAL AMOUNT DUE ➤ | $1373.02 |

## FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers compensation benefits; 8. Public or private pensions; 9. Veterans benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

| AMOUNT DUE AT CHARGEOFF | INTEREST ACCRUED SINCE CHARGE OFF | NON INTEREST CHARGES OR FEES SINCE CHARGEOFF | | TOTAL PAYMENTS SINCE CHARGEOFF | |
|---|---|---|---|---|---|
| $1,373.02 | $0.00 | $247.14 | | $0.00 | |

| EOS CCA ACCOUNT # | CLIENT ACCOUNT # | PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|---|---|
| 021 | 0001 | $1,373.02 | $0.00 | $0.00 | $1,373.02 |
| | | | | TOTAL DUE: | $1,373.02 |

For payments and general account inquiries, call 1-855-666-9393 or 1-972-332-4979.
For customer service issues, call our Consumer Relations Department at 1-877-395-5997.